UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TONY J. CLARK,

            Petitioner,

   -vs-

SUPERINTENDENT M. BRADT,

            Respondent.

_____

**DECISION AND ORDER**
**No. 10-CV-0964(MAT)**

## I.   Introduction

Tony J. Clark ("Clark" or "Petitioner") has filed this pro se
28 U.S.C. § 2254 petition for a writ of habeas corpus challenging
his detention in Respondent's custody. Clark is incarcerated
pursuant to a judgment entered on November 14, 2005, in New York
State Supreme Court, Monroe County. Clark was convicted, following
a jury trial, of first degree assault and second degree criminal
possession of a weapon. Currently Clark is serving a determinate
sentence of seventeen years.

## II.   Factual Background and Procedural History

The conviction here at issue stems from an incident in which
Petitioner shot an acquaintance of his, Mitchell Madden ("Madden"),
in the shoulder and abdomen with a .38-caliber handgun. Petitioner
apparently was angry because Madden had told a mutual friend that
Petitioner owed his cousin some money. After the shooting
Petitioner fled to North Carolina to pursue a romantic interest. He

was not apprehended until March 23, 2004, when he was arrested in North Carolina on an unrelated warrant for violating his federal probation. Because the sole claim raised in Clark's petition relates to the alleged violation of his Sixth Amendment right to a speedy trial, the Court confines its discussion of the background and procedural history to facts pertaining to the speedy trial claim.

On April 15, 2004, a felony complaint was filed in Rochester City Court against Petitioner, in connection with the Madden shooting. He was indicted on August 13, 2004 on charges of first degree assault and second degree criminal possession of a weapon.

On August 26, 2004, the date Petitioner was scheduled to be arraigned on the Monroe County charges, he was being held in a federal penitentiary in Lewisburg, Pennsylvania and did not appear. Over the course of the next several months, the prosecution served numerous body orders on the relevant federal officials, requesting Petitioner's appearance in New York. However, as of the November 23, 2004 adjourned hearing, the federal officials had not produced Petitioner.

The following day, November 24, 2004, the assistant district attorney for the Monroe County District Attorney's Office confirmed that the delay in Petitioner's transport was due to the federal penitentiary and, as a result, an additional 30 days were needed to

produce Petitioner. The trial court adjourned the arraignment until January 6, 2005.

On January 6, 2005, Petitioner finally was produced. He was arraigned, and the prosecution announced their readiness for trial pursuant to New York Criminal Procedure Law ("C.P.L.") § 30.30. The trial court noted that the arraignment delay was not the fault of Petitioner, his attorney, or the prosecutor. Defense counsel agreed, stating that "[t]he error was in the federal marshals not cooperating with the Monroe County Sheriff's Department to get [Petitioner] up here any sooner than today." Transcript dated 1/06/05 at 9.

On April 30, 2005, after his suppression motion was unsuccessful, Petitioner moved pursuant to C.P.L. § 30.30 to dismiss the indictment on speedy trial grounds.[1] Petitioner argued that the prosecution should be charged with the period from the filing of the felony complaint through the date of Petitioner's arraignment. In opposition, the prosecution argued that it had

---

[1]

A motion to dismiss must be granted where the prosecution is not ready for trial within  six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony. N.Y. Crim. Proc. Law § 30.30(1)(a). In 4. In computing the time within which the prosecution must be ready for trial, certain periods are excluded, including  the period of delay resulting from the absence or unavailability of the defendant. N.Y. CRIM. PROC. LAW § 30.30(4)(c)(i). "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence[.]" Id. Also excluded is "the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial[.] N.Y. CRIM. PROC. LAW § 30.30(4)(d).

exercised due diligence to bring Clark to court during that time period by properly filing writs of habeas corpus ad prosequendum.

During a May 4, 2005 court appearance, the trial judge, relying on People v. Smith, 138 A.D.2d 972 (N.Y. App. Div. 4th Dept. 1988), explained that the prosecutor must explain how its initial writ seeking to obtain custody of Petitioner "was followed up by contact with the penitentiary." Transcript dated 5/04/05 at 5-6. The trial judge, therefore, ordered transcripts of the preceding court appearances and gave the prosecution an opportunity to supply additional information. Id. at 6-7.

In response, the prosecution submitted affirmations by Assistant District Attorney Paul Irving ("Irving"), and Fred Shank ("Shank"), the employee of the District Attorney's Office responsible for delivery and filing of documents. Irving affirmed that, in addition to preparing the writs, he twice spoke to authorities at the federal prison where Clark was being held to discern whether Clark had been moved, in an attempt to learn why he was not being transported to Monroe County. Each time, Irving was informed that the Clark was still in custody at F.C.I. Lewisburg and that the federal authorities could not give a specific reason why he was not transported to Monroe County. Shank averred that he had served each of the writs upon the United States Marshal, filed duplicates with the Monroe County Clerk's Office, and forwarded certified copies to the Monroe County Sheriff's Office.

The trial judge subsequently denied Petitioner's motion to dismiss the indictment on speedy trial grounds. In its written Decision and Order, dated May 17, 2005, the court explained that the prosecution had complied with the proper procedures for securing the attendance of defendants incarcerated in other jurisdictions. Order dated 5/17/05 (citing C.P.L. § 580.30)). Consequently, the court found, the prosecution had "exercised due diligence in securing [Petitioner]'s attendance." Id. (citations omitted).  The trial judge concluded that the prosecution was chargeable with the time period from April 15, 2004, to August 26, 2004 (the date the felony complaint was filed until the initial arraignment date), but not the period from August 26, 2004, to January 6, 2005 (the initial arraignment date until the date Petitioner was actually arraigned). Because the period of delay (which the trial judge found to be 162 days, but which Respondent points out is actually 133 days) was less than the allowable six months under C.P.L. § 30.30, Petitioner's motion was without merit.

On June 14, 2005, Petitioner proceeded to trial. The jury returned a verdict convicting Petitioner of the two counts charged in the indictment. On November 14, 2005, Petitioner was sentenced, as a second violent felony offender, to concurrent determinate prison terms of seventeen years for the assault count, and seven years for the weapon possession count, to be followed by five years of post-release supervision.

On October 10, 2007, Petitioner filed, through new counsel, a motion pursuant to C.P.L. § 440.10 to vacate the judgment of conviction. Petitioner argued that in responding to his pre-trial speedy trial motion, the prosecutor had not provided accurate information. In particular, Petitioner alleged, the District Attorney's Office had incorrectly informed the court that it had filed and served one or more of the writs of habeas corpus <u>ad prosequendum</u> in an effort to transfer Petitioner from federal custody to state custody.

In his answering affirmation, the District Attorney argued that, as the trial judge had correctly determined prior to trial, Clark's delayed production in state court was the direct result of inaction on the part of officials at the federal penitentiary, and their two requests for two-month adjournments. Petitioner's counsel submitted an affirmation in reply.

On May 5, 2008, the C.P.L. § 440.10 court held a hearing. In a decision and order dated May 21, 2008, the court denied the motion, noting that at the hearing, defense counsel testified "that he possessed all the documents now before this court concerning what actions the People took to secure [Petitioner]'s presence for arraignment from the federal penitentiary," which Petitioner had used prior to trial to argue "that the People failed to exercise due diligence" in securing his presence for arraignment. C.P.L. § 440.10 Order dated 5/21/08 at 2. As the court further explained,

-6-

defense counsel also testified that "there was nothing withheld from him by the People that prevented him from arguing the [pre-trial speedy trial] motion." <u>Id.</u> at 2-3.

The C.P.L. § 440.10 court concluded that the record did not establish that any documents were withheld from defense counsel or the trial court by the prosecution. Furthermore, the court concluded, the record did not establish that the prosecutor misled or made any misrepresentations to defense counsel or the trial judge concerning this issue.   <u>Id.</u> at 3. As the motion court explained, the trial judge "made his decision based on the same record now before this court." <u>Id.</u> at 3.

On Clark's subsequent direct appeal, the Appellate Division, Fourth Department, unanimously affirmed the judgment of conviction. <u>People v. Clark</u>, 66 A.D.3d 1415 (App. Div. 4th Dept. 2009). The Fourth Department held that the prosecution "established that they exercised due diligence pursuant to C.P.L. § 30.30(4)(e) by presenting evidence that they were diligent and made reasonable efforts to secure the presence of defendant, who was in federal prison, on scheduled court dates," and, as a result, "any periods of delay resulting from defendant's failure to appear in court on those dates [were] not chargeable to the People[.]" <u>Id.</u> (citations omitted). Furthermore, the Fourth Department found, "[a]ny time otherwise chargeable to the People was within the six months allowed by C.P.L. § 30.30[.]" <u>Id.</u> (citations omitted). The New York

Court of Appeals denied leave to appeal. <u>People v. Clark</u>, 13 N.Y.3d 906 (N.Y. 2009).

This timely petition followed, in which Clark argues that (1) by its lack of diligence and misconduct, the prosecution violated his Due Process and state statutory rights to a speedy trial; and (2) the state trial court erroneously found that the prosecution exercised due diligence in transporting petitioner from federal custody, and securing his appearance in state court. <u>See</u> Petition ("Pet.") at 7-23.

## III. Discussion

### A.   The Speedy Trial Claim (Ground One)

#### 1.   Legal Principles Regarding a Defendant's Right to a Speedy Trial

The Sixth Amendment of the United States Constitution "guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial.'" <u>Vermont v. Brillion</u>, __ U.S. __, 129 S. Ct. 1283, 1290 (2009) (quoting <u>Barker v. Wingo</u>, 407 U.S. 514, 522 (1972)). The Supreme Court has not quantified the period of time in excess of which the right is violated, noting that the speedy trial guarantee is "necessarily relative" and "amorphous." <u>Brillion</u>, 129 S. Ct. at 1290. Instead, the Supreme Court has adopted a four-part "balancing test," to guide a court in determining whether a defendant was denied his right to a speedy trial, and which requires courts to consider: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion

-8-

of his right [to a speedy trial]; and (4) prejudice to the defendant." Barker, 407 U.S. at 529-53. The Supreme Court cautioned that no one factor was determinative or had any "talismanic qualities", but rather were to be considered together, in the court's "sensitive balancing process." Barker, 407 U.S. at 533; accord, e.g., Davis v. Kelly, 316 F.3d 125, 127 (2d Cir. 2003).

C.P.L. § 30.30, although often referred to as New York's "speedy trial statute" actually deals with the prosecution's obligation to announce their trial readiness in a timely fashion. E.g., Cummings v. Burge, 581 F. Supp.2d 436, 445 n.4 (W.D.N.Y. 2008). "Pursuant to the New York State law standard under C.P.L. § 30.30, a trial court could find a violation of a defendant's so-called right to a speedy trial to have occurred if the prosecution was not ready for trial within six months of the filing of an accusatory instrument against him." Id. (citing N. Y. Crim. Proc. Law § 30.30(1)). In contrast, when assessing a violation of a defendant's right to a speedy trial under the Sixth and Fourteenth Amendments to the Constitution, a court would have to apply the Barker four-factor balancing test adopted by the Supreme Court. Id. (citing Barker, 407 U.S. at 530). Thus, C.P.L. § 30.30 "'is not, as such, a statutory embodiment of the constitutional guarantee to a speedy trial.'" Cummings, 581 F. Supp.2d at 446 (quoting Woodard v. Berry, No. CV-90-1053, 1992 WL 106508, at *2 (E.D.N.Y. Apr. 24, 1992)).

### 2.   Exhaustion of Petitioner's Sixth Amendment Claim

Respondent argues that Clark has not exhausted a Sixth Amendment speedy trial claim because he has not fairly presented it in constitutional terms to the highest state court in New York from which a decision may be obtained. See, e.g., Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner may exhaust a habeas claim by directly citing to the Constitution, or by (a) relying on pertinent federal cases employing constitutional analysis; (b) relying on state cases employing constitutional analysis in like fact situations; (c) asserting the claim in terms so particular as to call to mind a specific right protected by the Constitution; or (d) alleging a pattern of facts that is well within the mainstream of constitutional litigation. Daye v. Attorney Gen'l of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc), on remand, 712 F.2d 1566 (2d Cir. 1983), cert. denied, 464 U.S. 1048 (1984).

Respondent notes that on direct appeal, Petitioner argued that the prosecution had violated New York Criminal Procedure Law ("C.P.L.") § 30.30(1) by failing to bring Petitioner to trial within six months after commencing the criminal action against him. Petitioner also argued that the trial court improperly denied his motion to dismiss the indictment on state statutory speedy trial grounds, and erroneously found that the prosecution had exercised due diligence under C.P.L. § 30.30(4)(e) by properly serving and filing federal writs of habeas corpus ad prosequendum pursuant to

-10-

C.P.L. § 580.30. Respondent contends that Petitioner only cited the Sixth and Fourteenth Amendments "in passing" and therefore did not adequately apprise the state appellate court of the federal constitutional nature of his claim. Respondent's Memorandum of Law ("Resp't Mem.") at 16. Respondent also notes that in disposing of Clark's appeal, the Appellate Division observed that "the sole contention of defendant is that he was denied his statutory right to a speedy trial." People v. Clark, 66 A.D.3d 1415, 1415 (N.Y. App. Div. 4th Dept. 2009). As discussed further below, the Court agrees with Respondent that Petitioner's appellate brief did not exhaust his Sixth Amendment speedy trial claim for purposes of 28 U.S.C. § 2254(b)(1).

In the introductory section of the brief, appellate counsel explained that the "question presented by th[e] appeal is whether the People acted diligently and with reasonable effort to secure Mr. Clark's presence for arraignment during th[e] several month period such that the period may be excluded from the CPL 30.30 calculation pursuant to CPL 30.30(4)(e)." Petitioner's Appellate Brief ("Pet'r App. Br.") at 2, Respondent's Exhibit ("Resp't Ex.") J. Appellate counsel included one point heading in the brief, which read as follows: "The People failed to show that they, over a several month period, had acted diligently and with reasonable effort to produce Mr. Clark, who was in federal custody, for arraignment on his state charge; as a result, that period was not

-11-

excludable for <u>statutory</u> speedy trial purposes and the indictment should have been dismissed." Pet'r App. Br. at 3 (emphasis supplied; capitals in original omitted). The point heading did not mention the Sixth Amendment or the Fourteenth Amendment. These two amendments were cited with a "see also" signal once in the brief. The only cases cited and discussed in the brief were state cases pertaining to New York's "speedy trial" statute, C.P.L. § 30.30.

Although a state prisoner is not required to cite "chapter and verse of the Constitution," <u>Daye</u>, 696 F.2d at 194, in order to satisfy this requirement, he must present his challenge in terms that are "likely to alert the [state] court[s] to the claim's federal nature[,]" <u>id.</u> at 192. Petitioner's appellate brief, which extensively argued the C.P.L. § 30.30 issue pertaining to the prosecution's alleged lack of diligence, did not do so. <u>See</u>, <u>e.g.</u>, <u>Cruz v. Greiner</u>, 98-CV-7939, 1999 U.S. Dist. LEXIS 17695, at *64-*66, 1999 WL 1043961 (S.D.N.Y. Nov. 17, 1999) (finding insufficient presentation of speedy trial claim where "only mention of the federal Constitution appeared in the heading of [petitioner's] [appellate] . . . brief").

Furthermore, "[d]istrict courts in this Circuit have held that a claim premised on C.P.L. § 30.30 claim is not tantamount to raising a claim that a petitioner's Sixth Amendment right to a 'speedy trial' has been violated." <u>Cummings</u>, 581 F. Supp.2d at 446 (citing, <u>inter alia</u>, <u>Gibriano v. Attorney Gen'l of the State of</u>

<u>N.Y.</u>, 965 F. Supp. 489, 492 (S.D.N.Y. 1997)); <u>see</u> <u>also</u> <u>Woodard v.</u> <u>Berry</u>, 1992 WL 106508, *2 (explaining that in contrast to C.P.L. § 30.30, C.P.L § 30.20 does embody the federal constitutional right to a speedy trial; holding that when petitioner raised his statutory "speedy trial" claim in the state court under C.P.L. § 30.30, "he did not effectively present to those courts the federal constitutional speedy trial claim that he raises now in this court") (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) (<u>per curiam</u>) (holding that habeas corpus petitioner cannot exhaust state remedies for federal claim by raising a "somewhat similar state-law claim")).

Respondent argues that the Sixth Amendment claim should be deemed exhausted but found to be procedurally barred from review because Petitioner has no means to exhaust the claim in state court. <u>See</u> <u>Grey v. Hoke</u>, 933 F.2d 117, 120-21 (2d Cir. 1991); <u>Spence v. Superintendent</u>, 219 F.3d 162, 170 (2d Cir. 2000) ("Because [petitioner] failed to raise his claim in the ordinary appellate process and can now no longer do so, it is procedurally defaulted.")); N.Y. CRIM. PROC. LAW § 440.10(2)(c). The Court agrees with Respondent that the claim is procedurally barred, and may only be reviewed if Petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will result from non-review of the claim. <u>E.g.</u>, <u>Aparicio v. Artuz</u>, 269 F.3d 78, 90 (2d Cir. 2001); <u>accord</u> <u>Caravajal v. Artus</u>, 633 F.3d

95, 104 (2d Cir. 2011) ("If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we 'must deem the claim [ ] procedurally defaulted.'") (quoting Aparicio, 269 F.3d at 90; alteration in Caravajal).

Petitioner did not file a traverse in response to Respondent's memorandum asserting the exhaustion and procedural default arguments. Petitioner thus has not submitted argument concerning cause and prejudice or, for purposes of the miscarriage-of-justice exception, whether he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." Caravajal, 633 F.3d at 108 (citing Bousley v. United States, 523 U.S. 614, 622, 623 (1998); footnote omitted). Independently reviewing the record, the Court is unable to discern cause, prejudice, or factors warranting invocation of the miscarriage of justice exception. Accordingly, the Sixth Amendment speedy trial claim is subject to an unexcused procedural default and further habeas review is precluded. Id. (citation omitted).

### 3. Petitioner's C.P.L. § 30.30 claim is not cognizable on federal habeas review.

A federal court may grant habeas relief only on the ground that a petitioner's conviction is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has "stated many times that federal habeas corpus

-14-

relief does not lie for errors of state law." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (quotation and citation omitted).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Id.</u> (citations omitted). Clark's allegation that he was denied his statutory rights under C.P.L. § 30.30 is not cognizable on habeas review and is dismissed on that basis. <u>Accord</u>, e.g., <u>Cummings v. Burge</u>, 581 F. Supp.2d at 445.

**B.   The Erroneous Finding by the Trial Court That the Prosecution Acted With Due Diligence and Complied With C.P.L § 580.20 (Ground Two)**

As his second ground for relief, Petitioner asserts that the trial court erroneously determined that the prosecution had exercised "diligence" in securing his attendance for purposes of satisfying C.P.L. § 30.30. Petitioner also contends that the prosecution failed to comply with C.P.L. § 580.20, Articles IV(a) and (b), the Interstate Agreement on Detainers ("IAD"). Neither of these assertions are constitutional claims amenable to federal habeas review.

The Court first addresses Clark's argument regarding the trial court's allegedly erroneous determination that the prosecution demonstrated "due diligence". In <u>Whaley v. Rodriquez</u>, 840 F.2d 1046 (2d Cir. 1988), involving a petition for habeas relief brought by a state prisoner the Second Circuit specifically declined to determine what "due diligence" under C.P.L. § 30.30, New York's

-15-

speedy trial statute, requires. The Circuit observed in <u>Whaley</u> that the question of "due diligence" under the C.P.L. § 30.30 "is a matter for the New York courts to decide." <u>Id.</u> at 1050 (citing <u>Gryger v. Burke</u>, 334 U.S. 728, 731 (1948) ("We are not at liberty to conjecture that the [state] trial court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied.").

In light of the Second Circuit's holding in <u>Whaley</u> that the meaning of "due diligence" under C.P.L. § 30.30 presents solely an issue of state statutory construction, Clark's attack on the trial court's "due diligence" finding is not cognizable on federal habeas review. <u>See</u> <u>Whaley</u>, 840 F.2d at 1050; <u>see</u> <u>also</u> <u>Lloyd v. Artus</u>, No. 06 Civ. 3888(JSR), 2008 WL 892396, at *1 (S.D.N.Y. Apr. 1, 2008) ("Interpretation of the term 'reasonable diligence' in the context of a state statute does not present a federal constitutional issue that a habeas court may address."). As the Supreme Court has repeatedly held, it "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. . . ." <u>Estelle v. McGuire</u>, 502 U.S. at 67-68.

Moreover, the trial court conducted a hearing on the speedy trial issue, requested supplementary documentation, and reviewed the claim in light of a voluminous record. After affording Petitioner a full and fair opportunity to litigate the issue, it

concluded that the prosecution had sufficiently demonstrated due diligence for purposes of C.P.L. § 30.30. The trial court's factual findings are presumed correct under 28 U.S.C. § 2254(e)(1), and Clark has not met his burden of overcoming that presumption by adducing clear and convincing evidence. Instead, Clark relies on the same record that was before the trial court, whose factual determination was not unreasonable.

Turning next to the alleged violation of C.P.L. § 580.20 discussed by Clark in Ground Two of the petition, the  Second Circuit squarely has held that "a violation of the IAD [C.P.L. § 580.20] is not a ground for relief under [Title 28 U.S.C.] Section 2254." Reilly v. Warden, FCI Petersburg, 47 F.2d 43, 44 (2d Cir. 1991) (citing Edwards v. United States, 564 F.2d 652, 654 (2d Cir. 1977) (holding that violations of the IAD were not cognizable under 28 U.S.C. § 2255 because such a holding would lead to "the absurd conclusion that any non-harmless error in a federal criminal trial would provide grounds for collateral attack")); see also Williams v. Dalsheim, 480 F. Supp. 1049, 1053 (E.D.N.Y. 1979) (holding that a failure to meet the 120-day trial deadline under the IAD is not a "fundamental defect" in the criminal process such that federal habeas review under 28 U.S.C. § 2254 is appropriate). Therefore, Clark's claim concerning the alleged violation of C.P.L. § 580.20 likewise must be dismissed. See Reilly, 47 F.3d at 44.

## IV.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed.  Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.  See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Under FED. R. APP. P. 3(c)(1), the notice of appeal must (1) specify the party taking the appeal in the caption or body of the notice; (2) designate the judgment, order, or part thereof being appealed; and (3) name the court to which the appeal is taken.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     January 5, 2012
           Rochester, New York

-18-